UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN BROADBAND, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV211 HEA |
| ) | |
| DARYL R. RIX, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Enforce Settlement, [Doc. No. 42]. Defendants oppose the motion. The Court conducted a hearing on the Motion on September 23, 2010. On September 24, 2010, the Court allowed the parties additional time to attempt to resolve the Motion. By notice of counsel, the parties advised the Court that they were unable to do so. For the reasons set forth below, the Motion is denied to the extent it seeks to add additional terms.

Plaintiff advises the Court, in its Motion, that there are three remaining unresolved issues with respect to the terms of the settlement agreement. Initially, Plaintiff seeks to include the word "solicit" in Section 8(B); Plaintiff seeks inclusion of the words "or indirectly solicit or" in Section 8(D) of the settlement agreement; and Plaintiff seeks the inclusion of a representation and warranty by Defendants, to wit:

> The Defendants represent and warrant that they have abided by,
> followed and adhered to all of those obligations set forth in Sections
> 5, 7, 8, and 9 of this Agreement since agreeing to the material terms
> of settlement on April 30, 2010 through the date of their execution of
> this Agreement.

With respect to Section 8(B), the Court notes that the transcript of the terms of the settlement articulated on the record on April 30, 2010, sets out the term of this provision is to be "[t]hrough December 9, 2011." Plaintiff's Memorandum also details December 9, 2011 as the termination date. At the hearing, however, counsel for Plaintiff argued that the term was through December 9, 2010, and noted that the period was for "another two and a half months." As such, the Court cannot say with confidence the intended termination of this time period.

Turning to the substance of Plaintiff's request to include the word "solicit" in Sections 8(B) and 8(D), the Court finds that Plaintiff is seeking to add an additional material term to the parties' agreement. This finding is evidenced by the fact that the word "solicit" is included in the "anti-pirating" provision regarding employees of Plaintiff. Thus, it would appear that since they included solicitation in one section and did not include it in the others, the parties intentionally left out any reference to solicitation in Sections 8(B) and 8(D).

Likewise, with respect to the inclusion of prohibitions against "indirectly" performing work, since the parties included "indirectly" in Section 8(B), it would

appear that they intentionally left "indirectly" out of Section 8(D).

Plaintiff argues that solicit and indirectly are not material terms and are merely the 'meat on the bones" of the parties agreement. The Court disagrees. Each term sought by Plaintiff has a separate and distinct meaning from those that are detailed in the April 30, 2010 transcript. Each term requires something more from Defendants. Counsel for Plaintiff specifically detailed in the record those provisions which included "solicitation" and "indirectly," thereby evidencing the significance of these terms to the particular provision. Were it the intent of the parties to likewise include these material terms to the other provisions, the Court is persuaded that they would have done so at the time of the recitation of the terms of the agreement on the record.

With regard to the representation and warranty provision, this too is an additional provision that the parties did not contemplate at the April 30, 2010 meeting. There is nothing before the Court which would establish that Defendants indeed agreed to same. This section appears to be an addition to the agreement and, as with the other additional terms, the Court will not allow Plaintiff to materially alter the terms which were agreed to by Defendants without their consent.

The Court, therefore, finds that the parties have reached a binding

settlement and the terms of the settlement are those articulated in the transcript of the settlement, as well as those issues that the parties have resolved subsequent to the hearing. The additional terms sought to be added by Plaintiff shall not become part of the settlement agreement.

The parties are given 7 days from the date of this Order to file the pleadings necessary to effectuate the settlement as herein detailed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce Settlement is denied to the extent Plaintiff seeks additional material terms as herein provided.

Dated this 6th day of January, 2011.

_____
  HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE