IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN BROADBAND, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LOCAL BACKHAUL NETWORKS, LLC and ) <br> DARYL R. RIX, ) <br> ) <br> Defendants. ) | Case No. 4:10-CV-00211 HEA |

## CONSENT INJUNCTION

Plaintiff American Broadband, Inc. ("ABI") filed a Complaint against Defendants Local Backhaul Networks, LLC and Daryl R. Rix (collectively, "Defendants"). Plaintiff and Defendants have consented and agreed to the entry of this Consent Injunction ("Injunction"), as indicated by the signatures of their counsel below. Therefore, in accordance with the request of the parties hereto,

**IT IS HEREBY ORDERED:**

1. From the date of this Injunction through December 9, 2011, LBN shall not be a Service Provider of Bandwidth, be a Service Provider of Transport, sell LBN-owned Transport and Bandwidth as a Service Provider of Record, be a Re-Seller of Third Party Transport as a Service Provider of Record or Commissioned Sales Agent, or be a Re-Seller of Third Party Bandwidth as a Service Provider of Record or Commissioned Sales Agent. Notwithstanding the foregoing, LBN shall be allowed during said period to provide professional services (subject to Sections 3 and 4 below) and sell and provide certain software and software applications. The foregoing capitalized terms shall be defined using the meanings commonly ascribed to them in the telecommunications industry.

3161213.9

2.      From the date of this Injunction through December 9, 2011, LBN shall not directly or indirectly perform work for the following customers:

   a.   The United States Postal Service;

   b.   HCA, Inc.;

   c.   T-Mobile in Alabama and Mississippi; and

   d.   Verizon Wireless-Iowa.

3.      From the date of this Injunction through May 9, 2011, LBN shall not perform work for the following MSOs:

   a.   AT&T in the following states where circuits are located: Florida, Georgia and South Carolina and nationwide related to AT&T's DSL business;

   b.   Mediacom in the state of Iowa; and

   c.   Time Warner in California, Florida, Maine, North Carolina and South Carolina.

4.      LBN shall not be restricted from working with any equipment and material manufacturers, even if those manufacturers work with the MSOs identified in Section 3.

5.      LBN shall not be prohibited from selling its software or software related services to anyone, including the entities identified in Sections 3 and 4, regardless of whether they are customers or MSOs of ABI.

6.      From the date of this Injunction through May 1, 2015, LBN shall not solicit, hire or in any way encourage anyone who was an employee of ABI as of April 30, 2010 from leaving their employment with ABI, provided this section of the Injunction shall become effective once ABI provides LBN with a list of all of ABI's employees as of April 30, 2010. LBN may request back up documentation from ABI regarding any individual's inclusion on the list and ABI shall

reasonably provide such information. Any dispute regarding inclusion on the list shall be presented to and resolved by this Court.

7. SpearTip, LLC ("SpearTip") shall within 14 days of receipt of this Order delete or destroy, and cause its subcontractor engaged by SpearTip (or any other agent or representative) used by SpearTip in this case) to delete or destroy, all of the master forensic images and copies or resulting files from the images (including metadata reports) in its and its subcontractor's, agent's or representative's possession, custody, or control that relate to SpearTip's imaging of electronic devices provided to it by any party in this case and shall so certify in writing.

8. The Parties consent to and the Court retains its jurisdiction over any disputes regarding the Injunction and Settlement Agreement and Mutual General Release ("Settlement Agreement") among the Parties or to enforce this Injunction, and venue shall remain in the United States District Court for the Eastern District of Missouri, Eastern Division. This includes the Joint Stipulation and Order Providing for Confidential Treatment of Documents, Testimony, Electronic Storage Devices, and Information (the "Joint Stipulation"), dated February 24, 2010, and the obligations therein surviving the conclusion of this litigation.

9. This Order adjudicates all claims in this case for all purposes. Accordingly, all claims are hereby dismissed *with prejudice*. This dismissal shall have no effect on the ability of the Parties to enforce the terms of the Settlement Agreement or on the Court's retention of jurisdiction as it relates to the terms of this Injunction or the Joint Stipulation. Each Party shall bear his or its own costs and attorneys' fees.

**SO ORDERED:**

*/s/ Henry Edward Autrey*
Hon. Henry E. Autrey
United States District Court Judge

DATED: January 26, 2011

POLSINELLI SHUGHART, PC

By: _____
Christopher C. Swenson (#74100)
cswenson@polsinelli.com
Mark B. Grebel (#555633)
mgrebel@polsinelli.com
7733 Forsyth Boulevard, Suite 1200
St. Louis MO  63105

TUCKER ARENSBERG, P.C.

By: _____
Steven B. Silverman, Esquire
PA ID No. 56829
Christopher W. Cahillane, Esquire
PA ID No. 75977
1500 One PPG Place
Pittsburgh PA  15222

Attorneys for Local Backhaul Networks, Inc.

SUMMERS COMPTON WELLS, PC

By: _____
Mark R. Sanders (#46007)
msanders@summerscomptonwells.com
8909 Ladue Road
St. Louis MO  63105

Attorney for Daryl R. Rix

THE STOLAR PARTNERSHIP LLP

By: _____
H. Kent Munson (#3914)
hkm@stolarlaw.com
911 Washington Ave., 7th Floor
St. Louis MO  63101

Attorneys for American Broadband, Inc.

3161213.9